DOMENGEAUX, Judge.
This matter commenced as a suit to establish paternity. It is now before us on the issue of custody, wherein the plaintiff mother appeals a joint custody judgment which granted domiciliary custody of the minor child, Raven Ann, to the defendant natural father.
Melanie Cazaudebat Broussard gave birth to Raven Ann Bourg on January 29, 1981, and filed a petition to establish paternity on December 28, 1983. Gary Wayne Bourg acknowledged paternity in 1985 after a series of blood tests indicated the likelihood that he was Raven’s father. Mr. Bourg made child support payments and exercised his visitation rights frequently.
Pursuant to a Rule to Change Custody filed by Mr. Bourg in 1987, Mr. Bourg was named domiciliary parent of the child. A joint custody arrangement granting liberal visitation rights to Mrs. Broussard was implemented.
On appeal, Mrs. Broussard contends that her custody and control of the child should not be altered, and that the custodial arrangement devised by the Trial Court would not serve the best interest of the child. For those reasons, she alleges Trial Court error.
La. Civil Code art. 146 provides that changes in custody shall be awarded according to the “best interest of the child.” This is the sole factor to be considered in determining custody. Turner v. Turner, 455 So.2d 1374 (La.1984). Civil Code art. 146(D) states that an award of physical, or domiciliary, custody must be made by a consideration of the factors enumerated in art. 146(C)(2). Our review of the record in light of art. 146(C)(2) reveals no error in the Trial Court’s judgment.
The transcript clearly reflects the love and affection both parents have for this child. However, Mr. Bourg’s lifestyle seems more stable than that of Mrs. Brous-sard. Mr. Bourg and his wife have taken an active role in Raven’s education and seem able to provide for her adequately. Although Mr. Bourg’s employment status at the time of trial seemed questionable, he had good prospects for a stable job in the near future. Additionally, his wife has a good job. The father and stepmother apparently established a good relationship with the child during the considerable amount of time she spent with them subsequent to the establishment of paternity. Finally, Mr. Bourg’s competency as a father was demonstrated in his prompt and consistent payments of child support and his active participation in young Raven’s life once he acknowledged paternity.
On the other hand, while we do not deny that Mrs. Broussard has great love for her child, the record does display some problems in the custodial arrangement which was in effect prior to the lower court’s judgment. Mrs. Broussard is in her second marriage and has participated in criminal activity. She has moved frequently and has left Raven in the care of her parents (Raven’s grandparents) for extended periods of time. She has not taken an active *118 role in Raven’s education, and the record does not indicate that, at the time of trial, she had the financial stability to properly provide for Raven.
The Trial Court’s decision in this custody matter is entitled to great weight and will not be overturned absent a showing of an abuse of discretion. Stephenson v. Stephenson, 404 So.2d 963 (La.1981). We find no abuse of discretion herein.
Further, we find no manifest error in the action of the Trial Court in denying appellant’s request to have domiciliary custody placed in the hands of the Cazaudebats, Raven Ann’s maternal grandparents. La. Civil Code art. 146(B) provides that before custody can be awarded to a person other than a parent “a finding that an award of custody to a parent would be detrimental to the child” must be made. No such showing was made herein. Furthermore, the question of the grandparents as domiciliary custodians of Raven was not properly before the Court as it was not prayed for in the proceedings below.
We find no manifest error by the Trial Court in awarding joint custody in this case and assigning Gary Wayne Bourg as the domiciliary parent. The judgment is affirmed.
Costs of this appeal are assessed to appellant.
AFFIRMED.